**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:19-CR-179-JAD-NJK |
| Plaintiff, | **Amended Preliminary Order of Forfeiture** |
| v. | |
| Sean O'Connor, | |
| Defendant. | |

This Court finds Sean O'Connor pled guilty to Count One of a One-Count Criminal Information charging him with conspiracy to commit mail fraud in violation of 18 U.S.C. §§ 1341 and 1349. Criminal Information, ECF No. 4; Change of Plea, ECF No. 9; Plea Agreement, ECF No. 6.

This Court finds Sean O'Connor agreed to the forfeiture of the property and the imposition of the in personam criminal forfeiture money judgment set forth in the Plea Agreement and the Forfeiture Allegation of the Criminal Information. Criminal Information, ECF No. 4; Change of Plea, ECF No. 9; Plea Agreement, ECF No. 6.

This Court finds, pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2), the United States of America has shown the requisite nexus between property set forth in the Plea Agreement and the Forfeiture Allegation of the Criminal Information and the offense to which Sean O'Connor pled guilty.

The following property and money judgment are any property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1341, a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or 18

/ / /

U.S.C. § 1349, conspiracy to commit such offense, and are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p):

1. $106,150;
2. $20,400.32;
3. $34,364;
4. $40,010;
5. $50,126.59;
6. $4,998;
7. $10,908;
8. $15,278;
9. $6,975;
10. $4,644;
11. $3,101;
12. $1,824;
13. $13,146
14. $1,785;
15. $14,439;
16. $9,887;
17. $8,253;
18. $138;
19. $12,464.03; and
20. $18,950

(all of which constitutes property)

and an in personam criminal forfeiture money judgment of $175,000, not to be held jointly and severally liable with any codefendants, the collected money judgment amount between the codefendants is not to exceed $9,000,000, and that the property will not be applied toward the payment of the money judgment.

/ / /

This Court finds that the United States of America may amend this order at any time to add subsequently located property or substitute property to the forfeiture order pursuant to Fed. R. Crim. P. 32.2(b)(2)(C) and 32.2(e).

The in personam criminal forfeiture money judgment complies with *Honeycutt v. United States*, ___U.S.___, 137 S. Ct. 1626 (2017).

This Court finds the United States of America is now entitled to, and should, reduce the aforementioned property to the possession of the United States of America.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America should seize the aforementioned property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the United States of America recover from Sean O'Connor an in personam criminal forfeiture money judgment of $175,000.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all possessory rights, ownership rights, and all rights, titles, and interests of Sean O'Connor in the aforementioned property are forfeited and are vested in the United States of America and shall be safely held by the United States of America until further order of the Court.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the United States of America shall publish for at least thirty (30) consecutive days on the official internet government forfeiture website, www.forfeiture.gov, notice of this Order, which shall describe the forfeited property, state the time under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition, pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n)(2).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any individual or entity who claims an interest in the aforementioned property must file a petition for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, which petition shall be signed by the petitioner under penalty of perjury pursuant to 21 U.S.C § 853(n)(3) and 28 U.S.C. § 1746, and shall set forth the nature and extent of the petitioner's

right, title, or interest in the forfeited property and any additional facts supporting the petitioner's petition and the relief sought.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a petition, if any, must be filed with the Clerk of the Court, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101, no later than thirty (30) days after the notice is sent or, if direct notice was not sent, no later than sixty (60) days after the first day of the publication on the official internet government forfeiture site, www.forfeiture.gov.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a copy of the petition, if any, shall be served upon the Asset Forfeiture Attorney of the United States Attorney's Office at the following address at the time of filing:

Daniel D. Hollingsworth
Assistant United States Attorney
James A. Blum
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the notice described herein need not be published in the event a Declaration of Forfeiture is issued by the appropriate agency following publication of notice of seizure and intent to administratively forfeit the above-described property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record and three certified copies to the United States Attorney's Office, Attention Asset Forfeiture Unit.

DATED: December 4, 2019.


_____
HONORABLE JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE